IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: ETHICON, INC.
　　　PELVIC REPAIR SYSTEM
　　　　PRODUCTS LIABILITY LITIGATION　　　　　　　　　　　MDL 2327

---

THIS DOCUMENT RELATES TO:

*Mary Dickson, Personal Representative*　　　　Civil Action No. 2:15-cv-02800
*of the Estate of Vada Mae Smith v.*
*Ethicon, Inc., et al.*

# MEMORANDUM OPINION AND ORDER

On October 12, 2017, I stayed this case to allow the plaintiff, Mary Dickson, Personal Representative of the Estate of Vada Mae Smith (hereinafter, "the Estate"), to (1) obtain counsel or (2) provide the court with evidence that she is the sole beneficiary of the Estate and that the Estate has no creditors. [ECF No. 32].

On October 23, 2017, Mary Dickson, Personal Representative of the Estate, filed a number of documents in response to this court's October 12, 2017 order. [ECF No. 34]. Among these documents, the plaintiff included copies of records from the County of Greenbrier, West Virginia, recognizing that the decedent died intestate, that she has six heirs, the plaintiff has assumed the role of administratrix of the Estate, and that the county published notice of the opening of the Estate for probate. The plaintiff also included five signed documents, purportedly waivers of any property interest in the Estate, executed by John Wayne Buckland II (decedent's grandson), Angelica R. Buckland (decedent's granddaughter), David Buckland

(decedent's son), and Robbie Buckland (decedent's grandson), and James Buckland (decedent's son). Together, disregarding the plaintiff herself, four of the five identified heirs to the Estate each signed a waiver. Ruth Buckland, having died in January 2017, did not to sign a waiver. Instead, the plaintiff procured the waiver of Robert Buckland, Ruth Buckland's son, who agreed to sign on his mother's behalf.

On January 2, 2018,[1] defendants Ethicon, Inc. and Johnson & Johnson (collectively, "the defendants") filed a reply challenging the filing's compliance with my order that the plaintiff provide the court with evidence that she is the sole beneficiary of the Estate and that the Estate has no creditors (the "Reply") [ECF No. 39]. The documents do not evince, the defendants argue, that the plaintiff is the sole beneficiary of the Estate because the purported waivers do not conform to certain provisions of the Uniform Disclaimer of Property Interests Act, which require among other things that:

> a disclaimer must be in writing, *declare the disclaimer, describe the interest or power disclaimed*, be signed by the person making the disclaimer, *be acknowledged in such a manner as would authorize a deed to be admitted of record and be delivered or filed in the manner provided in section twelve of this article.*

W. Va. Code § 42-6-5(c) (emphasis added). According to the defendants, the attached waivers neither describe the interest disclaimed, nor were "acknowledged in such a manner as would authorize a deed to be admitted of record."

---

[1] Because the plaintiff failed to comply with Federal Rule of Civil Procedure 5(a)(1), I ordered plaintiff Mary Dickson to certify that she served these documents on counsel for defendants Ethicon, Inc. and Johnson & Johnson by December 18, 2017. *See* Fed. R. Civ. P. 5(a)(1) (requiring pleadings filed after the original complaint to be served on every party); Fed. R. Civ. P. 5(d)(1) ("Any paper . . . that is required to be served—together with a certificate of service" must be filed "within a reasonable time after service"). As such, I extended the deadline for defendants Ethicon, Inc. and Johnson & Johnson to respond to January 2, 2018.

2

Notwithstanding these defects, the defendants also challenge the waiver executed by Robert Buckland. The defendants argue that the plaintiff has made no showing that Robert Buckland is authorized to on behalf of his mother's estate. Therefore, the defendants claim, his waiver is a nullity. The defendants also argue that the papers submitted do not denote the existence or absence of creditors.

After the filing of the defendants' Reply, the plaintiff submitted additional papers in response to the deficiencies articulated by the defendants in their Reply [ECF No. 41]. Included among these papers is a letter from the Joni Harrah, Fiduciary Supervisor of Greenbrier County, representing that the Estate has no creditors. Also among these papers are updated "waivers" signed by the same five individuals listed above. These new waivers now include the seal of a notary public.

I have reviewed these documents thoroughly. To establish the absence of creditors, the plaintiff produces a document annotated with Greenbrier County letterhead reporting the absence of creditor claims filed against the Estate. To date, the document remains unchallenged and the court sees no reason to doubt its veracity. Therefore, I **FIND** that the plaintiff has sufficiently provided the court with evidence that the Estate has no creditors.

To establish her status as the sole beneficiary of the Estate, the plaintiff produced waivers signed by the same five individuals identified above. In these waivers, four of the Estate's heirs and Robert Buckland certify that:

> Mary Dickson is trusted and has my permission and confidence to be named "Sole Beneficiary" in the case listed above to represent this case [] Pro-se. I waive any and all rights as beneficiary concerning the Estate of Vada Smith (Deceased) and recognize and agree, Mary Dickson, to be named "Sole Beneficiary" regarding the Court Order.

3

Pl.'s Letter-Form Motion 5-9 [ECF No. 41].

As noted by the defendants, the above-cited language comprising these waivers raise some question whether these individuals are unequivocally disclaiming all property interest in the Estate. *See* Defs.' Reply to Pl.'s Submissions Regarding Pro Se Representation 2 [ECF No. 42]. For example, whether or not Mary Dickson is trusted and has the permission of the individuals to be named "sole beneficiary" in this case is immaterial. However, given the signees unequivocal expression that they "waive any and all rights as beneficiary concerning the Estate of Vada Smith," I **FIND** that the updated waivers adequately describe the interest disclaimed.

As noted by the defendants, West Virginia law also requires the disclaimer "be acknowledged in such a manner as would authorize a deed to be admitted of record." W. Va. Code § 42-6-5. A deed may be admitted of record only "when it shall have been *acknowledged* by him, or proved by two witnesses as to him." W. Va. Code § 39-1-2 (emphasis added). In a different but related article of the West Virginia Code, the term "acknowledged" is defined as:

> [A] declaration by an individual before a notarial officer that the individual has signed a record for the purpose stated in the record and, if the record is signed in a representative capacity, that the individual signed the record with proper authority and signed it as the act of the individual or entity identified in the record.

W. Va. Code § 39-4-2.

Read together, the documents under consideration – although informal and sometimes inartful – sufficiently show that the individuals declared before a notarial officer that they signed the instrument for the purpose stated. Absent a showing otherwise, *at this point in the litigation*, I find that attached documents comport with

4

West Virginia Code § 39-1-2 for purposes of demonstrating that the documents were acknowledged in such a manner as would authorize a deed to be admitted of record. *See In re Atl. Smokeless Coal Co.*, 103 F. Supp. 348, 350 (S.D. W. Va. 1952) ("It should be noted at the outset that it is the general policy of the law to sustain certificates of acknowledgment whenever it is possible to do so . . . ; that substantial compliance is all that is required; and that words of import and significance equivalent to those specified are deemed sufficient."); *see also Tildesley Coal Co. v. Am. Fuel Corp.*, 130 W. Va. 720, 732 (1947) (upholding the validity of an instrument despite the absence of a "showing here that the notary who certified the acknowledgment to the deed of trust, was not, in fact, a notary public with full power to act").

Notwithstanding, the plaintiff still has not demonstrated that Robert Buckland is somehow authorized to disclaim property on behalf of his deceased mother's estate. I have no reason to doubt the sincerity of the plaintiff's assertion that Robert Buckland is the only son of Ruth Buckland. I cannot, however, infer from this fact alone that Robert Buckland is the Personal Representative of Ruth Buckland's estate, or otherwise authorized to disclaim a property interest on behalf of Ruth Buckland's estate. Until the plaintiff so demonstrates, I cannot attach any significance to Robert Buckland's waiver and, as a result, there is insufficient evidence at this time that the plaintiff is the sole beneficiary of the Estate.

The Court **ORDERS** that this case is **STAYED** until <u>February 26, 2018</u> to allow the plaintiff, Mary Dickson, to either (1) obtain counsel or (2) provide the court with evidence that she is the sole beneficiary of the estate. In order for the plaintiff to establish that she is the sole beneficiary of the estate, she needs only to file

5

documentary evidence demonstrating that Robert Buckland is the Personal Representative of Ruth Buckland's estate, or that he is otherwise authorized to disclaim a property interest on behalf of Ruth Buckland's estate, given the development of the record as described above. Failure to comply with this order may result in the denial of Mary Dickson's request to proceed in this case without counsel as the Personal Representative of the Estate of Vada Mae Smith.

The court further **DIRECTS** the Clerk to send a copy of this Order to counsel of record, and to send a copy of this Order to the plaintiff, via certified mail, return receipt requested to 531 Jackson Street, Covington, VA 24426.

ENTER: February 12, 2018

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE