# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

IN RE: ETHICON, INC.
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION                    MDL 2327

---

THIS DOCUMENT RELATES TO:

*Mary Dickson, Personal Representative of the*            Civil Action No. 2:15-cv-02800
*Estate of Vada Mae Smith v. Ethicon, Inc., et al.*

## MEMORANDUM OPINION AND ORDER

Since October 12, 2017, I have on three separate occasions stayed this case to allow the plaintiff, Mary Dickson, Personal Representative of the Estate of Vada Mae Smith (hereinafter, "the Estate"), to (1) obtain counsel or (2) provide the court with evidence that she is the sole beneficiary of the Estate and that the Estate has no creditors. [ECF Nos. 32, 35, 43]. In response to each of these orders, Mary Dickson, has filed a number of documents in an attempt to comply with the latter of my directive. [ECF Nos. 34, 36, 40, 41, 45].

Among these documents, the plaintiff included copies of records from the County of Greenbrier, West Virginia, recognizing that the decedent died intestate, that she has six heirs, that the plaintiff has assumed the role of administratrix of the Estate, and that the county published notice of the opening of the Estate for probate. The plaintiff also included five signed documents, purportedly waivers of any interest in the Estate, executed by John Wayne Buckland II (decedent's grandson), Angelica R. Buckland (decedent's granddaughter), David Buckland (decedent's son), and Robbie Buckland (decedent's grandson), and James Buckland (decedent's son). Together, disregarding the plaintiff herself, four of the five identified heirs to the Estate each signed a waiver. The remaining heir, Ruth Buckland, having died in January 2017, did not to sign a waiver. Instead,

the plaintiff procured the signature of Robert Buckland, Ruth Buckland's son, who agreed to sign a waiver on his mother's behalf.

On February 12, 2018, I determined that the plaintiff has sufficiently provided the court with evidence that the Estate has no creditors, fulfilling one-half of my original directive. [ECF No. 43]. However, in the same order, I also determined that the plaintiff failed to establish her status as the sole beneficiary of the Estate.

I held that the papers filed by Mary Dickson established that the Estate has five heirs in addition to the plaintiff. I further held that the papers also demonstrated that four of the five heirs adequately waived their rights as beneficiaries of the Estate. Concerning the remaining heir, Mary Dickson maintains that a waiver signed by Robert Buckland, Ruth Buckland's son, serves the same purpose as the waivers signed by the five other identified heirs. I disagreed. Specifically, by the same February 12, 2018 order, I stated:

> [T]he plaintiff . . . has not demonstrated that Robert Buckland is somehow authorized to disclaim property on behalf of his deceased mother's estate. I have no reason to doubt the sincerity of the plaintiff's assertion that Robert Buckland is the only son of Ruth Buckland. I cannot, however, infer from this fact alone that Robert Buckland is the Personal Representative of Ruth Buckland's estate, or otherwise authorized to disclaim a property interest on behalf of Ruth Buckland's estate. Until the plaintiff so demonstrates, I cannot attach any significance to Robert Buckland's waiver and, as a result, there is insufficient evidence at this time that the plaintiff is the sole beneficiary of the Estate.

I ordered this case stayed for the fourth time until **February 26, 2018** to allow Mary Dickson to address this insufficiency.

On February 21, 2018, Mary Dickson filed additional papers, which describe the personal relationship between Robert Buckland, his mother, and Vada Mae Smith. Mary Dickson also filed copies of Robert Buckland's driver's license and Birth Certificate, which were redacted by the court to prevent the public disclosure of a third party's private information. These documents,

however, do not address the concerns articulated in my February 12, 2018 order and do not establish that Mary Dickson is the sole beneficiary of the Estate.

Because it is readily apparent to the court that she has timely and in good faith attempted to comply with my directive, the court will grant Mary Dickson one more chance to provide the court with evidence that she is the sole beneficiary of the Estate, or obtain counsel. Let me be clear, in order for the plaintiff to establish that she is the sole beneficiary of the Estate, she needs only to file documentary evidence demonstrating that Robert Buckland is the Personal Representative of Ruth Buckland's estate, or that he is otherwise authorized to disclaim a property interest on behalf of Ruth Buckland's estate. Such information may be evident in documents related to Ruth Buckland's estate that are similar in nature to those provided by Mary Dickson concerning the Estate of Vada Mae Smith in this case, such as the county records Mary Dickson filed in this case identifying the Estate's heirs and demonstrating that she had taken the oath of administratrix of the Estate. Until then, however, the court cannot give any legal significance to Robert Buckland's waiver. Of course, there are potentially many other avenues Mary Dickson can demonstrate that she is the sole beneficiary of the Estate, and nothing stated in this order should be construed as a limitation on what Mary Dickson may file with the Clerk of court. Again, the court strongly recommends that Mary Dickson obtain counsel.

The court **ORDERS** that this case is **STAYED** until <u>**April 20, 2018**</u> to allow the plaintiff, Mary Dickson, to either (1) obtain counsel or (2) provide the court with evidence that she is the sole beneficiary of the estate. ***Failure to comply with this order <u>will</u> result, upon motion by the defendants, in the denial of Mary Dickson's request to proceed in this case without counsel as the Personal Representative of the Estate of Vada Mae Smith and the dismissal of this case***.

Given that this case has been stayed since September 14, 2017, see Order [ECF No. 18], the upcoming scheduling deadlines enumerated in Pretrial Order # 291 (First Amended Docket

Control Order for Wave 7 Cases Regarding Trial Deadlines) are unsustainable. [ECF No. 46]. As a result, the court further **ORDERS** that this case be removed from Ethicon, Inc. 2327 MDL Wave 7. The court **DIRECTS** the Clerk to lift the 2327 Wave 7 flag appended to the docket in this case.

The court further **DIRECTS** the Clerk to send a copy of this Order to counsel of record, and to send a copy of this Order to the plaintiff, via certified mail, return receipt requested to 531 Jackson Street, Covington, VA 24426.[1]

ENTER: March 22, 2018

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

[1] The court is also aware of several documents detailing Ms. Dickson's frustration with her former counsel that were mailed recently to the chambers of the undersigned judge. These documents will be delivered to the Clerk of court to be entered on the docket, but have no bearing on the present issue or other matters before the court. Any such grievances Ms. Dickson may have against former counsel may be brought to the attention of the appropriate bar association, ethics committee, or pursued via a separate cause of action, if any, in a court of appropriate jurisdiction. In the future, Ms. Dickson is strongly encouraged to file documents with the Clerk of court rather than submit them directly to chambers.