IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: ETHICON, INC.
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION                    MDL 2327

---

THIS DOCUMENT RELATES TO:

*Dickson v. Ethicon, Inc., et al.*                Civil Action No. 2:15-cv-02800

## ORDER

Before the court is the Letter-Form Motion, filed by the plaintiff on July 11, 2018 [ECF No. 57].[1] According to the Motion, the plaintiff, who is representing herself, seeks the court's assistance in the appointment of counsel to represent her interests in this case. The defendant did not file a Response, and the time to do so has expired. As such, this matter is ripe for adjudication.

There is no constitutional right to counsel in civil actions. Rather, the appointment of counsel in a civil case rests within the discretion of the court, subject to 28 U.S.C. § 1915(e)(1), which states in pertinent part: "[t]he court may request an attorney to represent any person unable to afford counsel." *See Ward v. Ortho-McNeil Pharm.*, No. 5:14-CV-120-BO, 2015 WL 4110990, at *2 (E.D.N.C. July 7, 2015). Here, the plaintiff correctly represents that the court has afforded her *in forma pauperis*

---

[1] The filing itself is dated July 9, 2018.

status and, therefore, she meets this initial statutory threshold. *See generally* Order [ECF No. 54].

Within the capacity of the court's discretion, the United States Court of Appeals for the Fourth Circuit has made it clear that the appointment of counsel in civil actions "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir.1975); *see also Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984) (holding that a denial of a plaintiff's request for appointment of counsel constitutes an abuse of the court's discretion only if the plaintiff's case presents "exceptional circumstances") (abrogated on other grounds by *Mallard v. United States Dist. Court*, 490 U.S. 296 (1989)).

The existence of exceptional circumstances turns on the quality of two basic factors: (1) the type and complexity of the case, and (2) the abilities of the person bringing the action. *See Whisenant*, 739 F.2d at 163; *Brock v. City of Richmond*, 983 F.2d 1055 (4th Cir. 1993). The plaintiff believes her case meets the high threshold of "exceptional circumstances," in pertinent part, because she is disabled[2] and does not "speak the 'language of the law.'" Pl.'s Mot. at 2.

Based upon the documents filed by the plaintiff herein, as well as the entire record herein, the undersigned **FINDS** that there are no exceptional circumstances that would warrant the court seeking counsel to represent the plaintiff in this matter at the present time. In short, the plaintiff has demonstrated both the capacity to present her claims adequately, as well as a basic understanding of the legal

---

[2] The plaintiff does not elaborate any further on the character or extent of her disability.

procedures to be followed, based on the clarity of her expression in her several court filings. *See Brock*, 983 F.2d 1055 ("To be exceptional, a movant's limitations must be more severe, such as an inability to read or write effectively.") (citing *Whisenant*, 739 F.2d at 162–63). Furthermore, there is nothing in the record that suggests that this case is any more complex than the dozens of like products liability civil actions consolidated in the MDL presently being prosecuted by *pro se* plaintiffs in this court.

Accordingly, it is **ORDERED** that the plaintiff's Motion seeking the appointment of counsel [ECF No. 57] is **DENIED without prejudice**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: August 2, 2018

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE